IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICKLEFFS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY VELASQUEZ and CAPTAIN E.<br>JAMES, et al.,<br><br>　　　　Defendants. | No. C 13-2953 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION OR<br>NOTICE THAT SUCH MOTION IS<br>UNWARRANTED |

　　　　Plaintiff, a pretrial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff was granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves the amended complaint on the named defendants.

**DISCUSSION**

A.　Standard of Review

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

---

[1] This action was reassigned to the undersigned judge on May 8, 2014.

Order of Service; Directing Defendants to File Dispositive Motion or Notice that Such Motion is Unwarranted
P:\PRO-SE\LHK\CR.13\Rickleffs953srv.wpd

1  seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),
2  (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*
3  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
6  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
7  *Atkins*, 487 U.S. 42, 48 (1988).

8  B.    <u>Plaintiff's Claims</u>

9      In his amended complaint, plaintiff alleges that on September 5, 2012, defendants
10 Captain E. James and Deputy Velasquez used excessive force against plaintiff. Defendants,
11 accompanied by five other unnamed sheriff's deputies, approached plaintiff's cell door and upon
12 entering plaintiff's cell, ordered plaintiff to "cuff up." As plaintiff began to comply, plaintiff
13 informed defendants that he had "polsie" in both his hands, meaning that his hands were numb
14 and crippled. As soon as defendants handcuffed plaintiff's arms behind his back, plaintiff was
15 swept off his feet and slammed onto the concrete floor. Defendants ripped plaintiff's handcuffed
16 hands up behind plaintiff's shoulders. Plaintiff felt a boot stomping hard onto his neck. Another
17 deputy jammed either a boot or a knee down between plaintiff's shoulder blades, to the point
18 where plaintiff could not breathe. Another deputy crossed plaintiff's feet at the ankles and
19 stretched plaintiff's legs up behind plaintiff's back. Plaintiff was repeatedly punched or kicked
20 in the kidney area. The deputies dragged plaintiff backwards into a "safety cell" while still
21 assaulting him. Plaintiff was stripped of his clothing and given a garment. Defendants placed
22 plaintiff in an isolation cell in administrative segregation, without notice or a hearing, where he
23 has remained for eighteen months. Liberally construed, plaintiff states a cognizable Fourteenth
24 Amendment claim against excessive force and a Fourteenth Amendment due process claim based
25 on plaintiff's placement in administrative segregation.

26 **CONCLUSION**

27     For the foregoing reasons, the court hereby orders as follows:

28     1.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

1  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended
2  complaint and all attachments thereto (docket no. 16), and a copy of this order to **Deputy**
3  **Velasquez, Badge #1645 and Captain E. James, Badge #1012** at **San Francisco County Jail**
4  in **San Francisco, CA**.

5        The clerk of the court shall also mail a courtesy copy of the amended complaint and a
6  copy of this order to the City Attorney's Office, Litigation Department, Fox Plaza, 1390 Market
7  Street, 6th Floor, San Francisco, CA 94102-5408.  Additionally, the clerk shall mail a copy of
8  this order to plaintiff.

9        2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
10  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
11  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
12  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
13  the cost of such service unless good cause be shown for their failure to sign and return the waiver
14  form.  If service is waived, defendants will be required to serve and file an answer within **sixty**
15  **(60) days** from the date on which the request for waiver was sent to them.  Defendants are asked
16  to read the statement set forth at the bottom of the waiver form that more completely describes
17  the duties of the parties with regard to waiver of service of the summons.  If service is waived
18  after the date provided in the Notice but before defendants have been personally served, the
19  Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or
20  **twenty (20) days** from the date the waiver form is filed, whichever is later.

21        3. No later than **ninety (90) days** from the date of this order, defendants shall file a
22  motion for summary judgment or other dispositive motion with respect to the cognizable claims
23  in the amended complaint.

24        Any motion for summary judgment shall be supported by adequate factual documentation
25  and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants**
26  **are advised that summary judgment cannot be granted, nor qualified immunity found, if**
27  **material facts are in dispute.  If defendants are of the opinion that this case cannot be**
28  **resolved by summary judgment, they shall so inform the court prior to the date the**

**summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/25/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.13\Rickleffs953srv.wpd            4